Monday, May 23. The Judges delivered their opinions.
Judge Tucker,
In this cause, the Court of Chancery, pursuant to an agreement in writing entered into between these parties, referred all matters in difference between these parties relative to the copartnery of Fletcher and Pollard, to Nathaniel Anderson and Hudson Martin, who returned their award pursuant thereto, which the Court of Chancery rejected, on the ground that the arbitrators had not adverted .to the subjects in controversy, except in one particular instance; and referred the accounts between the parties to a commissioner. From which opinion Fletcher prayed and was allowed an appeal.'
*549 Upon examining the award, it appears to me not to be liable to the objection made to it by the Chancellor, or to any other. I think it final, as to the subjects of controversy, though it was objected at the bar that it was not so. And I also think it perfectly just and equitable, and therefore that it ought to have been made the decree of the Court.
Judge Roane
was of opinion that the award was good, and ought to have been confirmed by the Chancellor. He Was, consequently, in favour of reversing the decree.
Judge Fleming.
The award now under consideration was made by referees or arbitrators, chosen by the parties themselves, and under a special order of the High Court of Chancery, which Court had, at a preceding day, referred the accounts of the copartnery in the bill mentioned, to one of the commissioners of the Court, in the usual form.
The referees, in pursuance of the special order, which was made on the 27th day of May, 1801, proceeded to examine and state the accounts between the parties, from the books of the copartnery of Fletcher and Pollard; the only ground, in my apprehension, on which they ought to have proceeded. The award appears to be perspicuous and just, and ought, in my opinion, to be conclusive, at least, between the parties who agreed to the special reference. The plaintiif however, filed two exceptions to the award; 1st. That it was not final, the interest account not being settled,- and 2dly. That the items of the account were unsupported by vouchers. With respect to the first objection, it appears, from the general accountstated by the referees, that the credit of 1,524l. 17s. 2 1-2d. due to Robert Pollard, was for advances by him made with interest to the first of September, 1801; the period to which interest on all the accounts was calculated.
As to the second exception, It appears a novel doctrine to me, that in the settlement of accounts from the books *550 of a copartnery, where all the partners of the company are equally interested, vouchers for the specific items should be required.
The opinion of the Court was, that the decree of the Superior Court of Chancery was erroneous in rejecting and setting aside the award made by the referees Nathaniel Anderson and Hudson Martin. Decree reversed at the costs of the appellee in the Court of Appeals; the award of the referees confirmed as between the appellant and appellee ; the bill of the appellee as against the appellant dismissed, as to" so much thereof as relates to the settlement of the accounts between the said parties, as partners in the house of Fletcher and Pollard; and each party to pay liis own costs in the Court of Chancery.